

# NUMBER 13-22-00074-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JAVIER SALAZAR,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

---

### On appeal from the 197th District Court
### of Cameron County, Texas.

---

# ORDER OF ABATEMENT

### Before Justices Longoria, Hinojosa, and Silva
### Order Per Curiam

This cause is before the Court regarding the appellant's failure to make arrangements for payment of both the clerk's record and reporter's record. On April 6, 2022, the Clerk of this Court notified appellant that the clerk's record and reporter's record were originally due on April 6, 2022. Appellant was notified that the court reporter, Ms. Elizabeth Torres, notified this Court that appellant failed to make arrangements for paying

for the reporter's record. Appellant was also notified that the deputy district clerk, Ms. Silvia Mata, notified this Court that appellant failed to make arrangements for payment of the clerk's record. Appellant was advised that, if the defects were not corrected within ten days from the date of receipt of these notices, the matter would be referred to the Court for appropriate action. *See* TEX. R. APP. P. 37.3(c)(1).

Appellant failed to file a response and failed to furnish proof that arrangements had been made for the preparation of the clerk's record and reporter's record. This sequence of events requires us to effectuate our responsibility to avoid further delay and to preserve the parties' rights. *See id*. Accordingly, this appeal is abated and the cause remanded to the trial court.

Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant has abandoned his appeal; (2) whether his present attorney will diligently pursue the appeal; (3) if it be determined that the present attorney will not diligently pursue the appeal, whether appellant is indigent, and if so, whether other counsel should be appointed to represent him; (4) if appellant is not indigent and the present attorney will not diligently pursue the appeal, what steps need to be taken to ensure that appellant will promptly obtain the services of another attorney to pursue the appeal; and (5) if any other orders are necessary to ensure the proper and timely pursuit of appellant's appeal. If new counsel is appointed, the name, address, telephone number, email address, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its finding and recommendations, together with any

orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's and supplemental reporter's record, if any, shall be filed with the Clerk of this Court within thirty days from the date of this order.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
28th day of April, 2022.

3